IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Edward L. Watson,  )
    Petitioner,  )
  )
v.  )    1:09cv651 (AJT/TRJ)
  )
Gene M. Johnson,  )
    Respondent.  )

## MEMORANDUM OPINION

Edward L. Watson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court of the City of Norfolk, Virginia of burglary and second degree murder. On October 5, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Watson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response. Petitioner then filed a Motion for Scientific Analysis of Untested Evidence, seeking to have a cooler, which was the murder weapon, tested for DNA evidence. The Court denied petitioner's motion, and he appealed that decision to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on July 30, 2010. Accordingly, this matter is now ripe for review. For the reasons that follow, Watson's claims must be dismissed.

### I. Background

On April 13, 2006, following a bench trial, Watson was found guilty of second-degree murder and burglary. Commonwealth v. Watson, Case Nos. CR05004396-00, CR05004396-01. The opinion of the Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying facts:

On September 13, 2005, Crystal Higgins resided with Nathanial Garris, the victim. Higgins was appellant's former girlfriend, and she had terminated their relationship approximately nine months prior to the incident. Appellant went to the victim's residence, and Higgins heard a loud and repetitive hanging on the door. The victim opened the door, and appellant demanded that Higgins come to the door. The victim said that Higgins would not come to the door, slammed the door, secured the door's three locks, and told Higgins to call the police. Appellant kicked the door open and entered the apartment . . . Appellant and the victim engaged in a fight, which moved to the hallway outside the apartment. Appellant was on top of the victim and punched the victim in the head. Higgins ran and asked a neighbor, Geraldine Simpkins, to call the police. Simpkins testified she saw appellant enter the victim's building, heard a loud boom, and saw Higgins running downstairs saying, "He's going to kill him. Call the police." Simpkins saw the victim on the ground with appellant kicking and hitting him. Simpkins saw appellant pick up an ice cooler and hit the victim. Simpkins testified the victim was on the ground and unable to fight back. Arika Saunders heard Simpkins's screams, exited her apartment, and saw appellant twice hit the victim in the head with the ice cooler.

Appellant fled the scene after an individual pulled him away from the victim and said, "That's enough." The victim remained on the ground, moaning, gasping for breath, bleeding, and verbally unresponsive. The victim never regained consciousness and died eleven days later. Dr. Wendy Gunther, the medical examiner, testified in detail to the victim's external injuries to his head and face . . . Dr. Gunther testified the victim sustained a significant injury to his brain stem . . [and] explained that it is extremely difficult to injure the brain stem due to its location and a significant force or impact was required to cause the injury.

Michelle Sharpe accompanied appellant to the victim's apartment. Sharpe testified they knocked on the door and heard a man tell Higgins to call the police. Sharpe testified the victim opened the door and hit appellant in the head with a bottle. Sharpe testified appellant and the victim engaged in a fistfight. Sharpe testified appellant did not kick the victim or hit him in the head, and she never saw an ice cooler . . . Appellant testified he was offended after the victim slammed the door in his face and he pushed the door open with his hands. Appellant denied damaging the door. Appellant testified he and the victim tussled and they fell to the ground. Appellant denied hitting the victim with an ice cooler and testified the victim was trying to sit up when he left the scene.

2

Watson v. Commonwealth, R. No. 2312-06-1 (Va. Ct. App. March 15, 2007). On September 1, 2006, Watson was sentenced to serve a total of 40 years in prison. Id. Watson filed a direct appeal of his conviction, arguing that the evidence was insufficient to prove a malicious intent to support a conviction for second-degree murder and that the evidence was insufficient to support a conviction for burglary. The Court of Appeals upheld Watson's conviction on March 15, 2007. Watson v. Commonwealth, supra. On October 10, 2007, the Supreme Court of Virginia refused Watson's petition for further appeal. Watson v. Commonwealth, R. No. 071277 (Va. Oct. 10, 2007).

Watson then pursued a habeas corpus application in the Circuit Court for the City of Virginia Beach, Virginia, raising six grounds for relief:

- A. The Commonwealth failed to disclose a police report of Crystal Higgins that was inconsistent with her trial testimony, in violation of Brady v. Maryland;
- B. Counsel rendered ineffective assistance when she failed to obtain Higgins's statement and use it at trial to impeach Higgins's trial testimony;
- C. The Commonwealth violated his right to due process of law when it used Higgins's "false" testimony;
- D. Counsel rendered ineffective assistance when she failed to present "newly discovered evidence" and seek a new trial based upon the summary of facts in the Presentence Investigation Report ("PSI");
- E. The evidence was insufficient to show that he caused the injury that led to the victim's death;
- F. Counsel rendered ineffective assistance when she failed to challenge the sufficiency of the evidence to show that he caused the injuries that led to the victim's death; and
- G. Counsel rendered ineffective assistance when she failed to object to the admission of a photograph and request testing of the ice cooler.

Watson v. Johnson, Case No. L-08-1603, at 2 (Va. Cir. Ct. May 30, 2008). Relief was denied and Watson's petition was dismissed. Id. Watson appealed that decision to the Supreme Court of Virginia, which refused the petition without opinion. Watson v. Johnson, R. No. 081787 (Va. Feb. 12, 2009).

On June 1, 2009, Watson filed the instant federal habeas petition,[1] raising the following claims:

1. The Commonwealth failed to disclose a police report of Crystal Higgins that was inconsistent with her trial testimony, in violation of Brady v. Maryland (state claim A);
2. Counsel rendered ineffective assistance when she failed to obtain Higgins's statement and use it at trial to impeach Higgins's trial testimony (state claim B);
3. Counsel rendered ineffective assistance when she failed to present "newly discovered evidence" and seek a new trial based upon the summary of facts in the Presentence Investigation Report ("PRI") (state claim D); and
4. Counsel rendered ineffective assistance when she failed to object to the admission of a photograph and request testing of the ice cooler (state claim G).

Respondent has filed a Rule 5 Answer and a Motion to Dismiss, along with the notice required by Roseboro, 528 F.2d at 309, and Watson has filed a reply. Based on the pleadings and record before this Court, it is uncontested that Watson exhausted his present claims in the state forum, as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for review.

## II. Procedural Bar

In claim 1, Watson argues that the Commonwealth failed to disclose a statement made by Crystal Higgins that was inconsistent with her trial testimony, in violation of Brady v. Maryland.

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Watson indicated that he delivered his petition to prison officials on June 1, 2009. The Court received the petition on June 11, 2009.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

The Circuit Court[3] found that Watson lacked standing to bring this claim because he could have brought it at trial and on direct appeal and, thus, it was not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975). This finding renders claim 1 procedurally barred from review on the merits.

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

---

[3] The Circuit Court addressed claim 1 when petitioner raised it in his habeas petition, and that court's reasoning is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

In petitioner's response to the motion to dismiss, he appears to argue that his procedural default should be excused because counsel provided ineffective assistance by failing to raise this issue at trial and on direct appeal. (Docket #17). Although his argument is difficult to follow, he appears to contend that counsel was ineffective in failing to obtain the statement, which resulted in petitioner's failure to raise this issue at trial and on direct appeal. Petitioner's claim that counsel caused his procedural default is without merit. As will be discussed below in the discussion of claim 2, counsel did not render ineffective assistance at any point in the proceedings, and thus counsel's actions cannot excuse petitioner's procedural default. See Reid v. True, 349 F.3d 788, 806 (finding that although constitutionally deficient performance of appointed counsel is a factor which can demonstrate cause, that rule did not apply when counsel was not actually ineffective). Moreover, as will be discussed below, it appears that the statement to which petitioner refers does not actually exist. Petitioner has failed to demonstrate cause for excusing his procedural default of claim 1, and that claim will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing

legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

In the remaining three claims, Watson argues that he received ineffective assistance of trial counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th

Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Watson raised the same challenges to the effectiveness of his representation that he makes here in his state application for habeas corpus relief, the Circuit Court found the claims to be without merit. Regarding claim 2 (state claim B), in which petitioner alleges that counsel rendered ineffective assistance when she failed to obtain Higgins's statement and use it at trial to impeach Higgins's trial testimony, the Circuit Court found this claim to be speculative. As the court noted, Watson assumes that this statement exists, when the record, including the affidavit of trial counsel, does not support that assumption. Watson, Case No. L-08-1603, at 5. As the court observed, "[c]ounsel cannot be ineffective for failing to find and use something that Watson assumes exists." Id. Because this determination was neither contrary to, nor an unreasonable application of, controlling federal law, we cannot disturb the court's holding, and claim 2 will be dismissed.

In claim 3 (state claim D), petitioner argues that counsel rendered ineffective assistance when she failed to present "newly discovered evidence" and seek a new trial based upon the summary of facts in the PSI. Again, the state habeas court found this claim to be speculative. In counsel's affidavit, she explained that she did not assert a motion based upon newly discovered evidence because the information contained in the PSI "was not as he perceived." Id. at 6. As counsel cannot be ineffective for failing to make a futile motion, Correll v. Commonwealth, 232

Va. 454, 470, 352 S.E.2d 352, 361 (1987), the state habeas court's dismissal of this claim was not unreasonable, and claim 3 will be dismissed as well.

Finally, in claim 4 (state claim G), petitioner asserts that counsel was ineffective for failing to object to the admission of a photograph and request testing of the ice cooler. The state habeas court examined this claim and found that making these requests would also have been futile. First, the court noted that the photograph was clearly admissible as evidence, and therefore objecting to its admission would have been pointless. Next, the court observed that the ice cooler was, in fact, submitted for forensic testing, and the testing revealed that only Watson's blood was present on the cooler, not the victim's. It is unclear what Watson believes could have been accomplished with further testing, considering that the lack of the victim's blood on the cooler only advances Watson's argument that he was innocent of the murder. If anything, further testing could only have revealed additional incriminating evidence against Watson. Thus, as the state habeas court noted, counsel was not ineffective for failing to request this testing, and this claim will be dismissed as well.

### V. Motion for Discovery

Petitioner has filed a Motion for Discovery, in which he asserts that the statement by Higgins to which he alludes in claim 2 does, in fact, exist and he asks respondent to provide that statement. As petitioner's claims are subject to dismissal, and as the admission of that statement, even if it did exist, would not change the Court's reasoning, petitioner's motion will be denied.

### VI. Conclusion

For the foregoing reasons, this petition for a writ of habeas corpus will be dismissed. An appropriate Order shall issue.

Entered this _9th_ day of _August_ 2010.

/s/ Anthony J. Trenga
Anthony J. Trenga
United States District Judge

Alexandria, Virginia